IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| George William Whitmire,<br><br>      PETITIONER<br><br>   v.<br><br>United States of America,<br><br>      RESPONDENT | Crim. No. 4:04-cr-00483-TLW-1<br>C/A No. 4:15-cv-03406-TLW<br><br><br>**Order** |

      This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner George William Whitmire. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

      Petitioner was charged with felon in possession of a firearm under 18 U.S.C. § 922(g)(1) (Count 1), possession of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c) (Count 3), and stealing a firearm under 18 U.S.C. § 924(*l*) (Count 4), and he pled guilty to all three counts. The Court sentenced him to 300 months on the felon in possession and 924(c) counts, and 120 months on the stolen firearm count, all to run concurrently.[1] Judgment was entered on March 25, 2005. ECF No. 51. He did not file a direct appeal.

---

[1] On the felon in possession count, he was sentenced as an armed career offender under the Armed Career Criminal Act ("ACCA"), which imposes a mandatory minimum fifteen-year sentence on felons who possess, among other things, firearms, and who have three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1). If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years incarceration on that count. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

1

On August 24, 2015,[2] Petitioner filed this § 2255 petition, asserting that he was wrongfully sentenced as an armed career criminal in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF Nos. 62, 68-1. The Government filed a motion to dismiss based on the concurrent sentence doctrine and that, even after *Johnson*, he had other convictions that would qualify him as an armed career criminal. ECF No. 72. He then filed a reply and a cross-motion for summary judgment. ECF Nos. 77, 78.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.    Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.    Discussion

As noted above, Petitioner asserts that he is entitled to relief in light of *Johnson*—specifically, that he was wrongfully convicted as an armed career criminal and should be resentenced.

### A.    *Johnson* retroactivity and application

As an initial matter, it is not clear that *Johnson* applies retroactively on collateral review. *Compare In re Gieswein*, 802 F.3d 1143, 1148–49 (10th Cir. 2015) (declining to grant permission to file a second or successive petition and concluding that the Supreme Court has not found that

*Johnson* applies retroactively in the context of an ACCA sentence), *and In re Rivero*, 797 F.3d 986, 990–91 (11th Cir. 2015) (declining to grant permission to file a second or successive petition and concluding that *Johnson* does not apply retroactively in the context of a career offender sentenced under the then-mandatory sentencing guidelines), *with Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) (granting permission to file a second or successive petition and concluding that *Johnson* applies retroactively in the context of an ACCA sentence). The Fourth Circuit has not yet weighed in on the retroactivity question, though it is currently pending before the court. *See In re Scott*, No. 15-0291 (4th Cir.); *In re Hubbard*, No. 15-0276 (4th Cir.). The question of *Johnson*'s retroactivity is also pending before the Supreme Court. *Welch v. United States*, No. 15-6418 (Sup. Ct.).

The Government asserts that, even if *Johnson* does apply retroactively, Petitioner had a sufficient number of predicate convictions such that he would still be classified as an armed career criminal. Specifically, the Government notes that he had an arson conviction and three second degree burglary convictions. However, it is not entirely clear that the burglaries are ACCA predicates, as the primary case on which the Government relies, *United States v. Wright*, 594 F.3d 259 (4th Cir. 2010), has been repudiated by the Fourth Circuit's recent decision in *United States v. McLeod*, 808 F.3d 972, 977 (4th Cir. 2015).[3]

Under *McLeod*, South Carolina second degree burglary convictions are reviewed under the modified categorical approach set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013). *McLeod*, 808 F.3d at 975. That approach requires the sentencing court to review certain court documents "to determine whether the defendant was convicted of generic burglary or an alternative

---

[3] *McLeod* was decided less than two weeks after the Government filed its motion to dismiss in this case.

form of burglary that would not qualify as a predicate offense." *Id.* (citing *Shepard v. United States*, 544 U.S. 13 (2005)). Here, the Government has not submitted any *Shepard* documents for the Court to review to determine whether these prior burglary convictions are properly classified as ACCA predicate convictions, so the Court cannot determine at this time whether Petitioner would still be classified as an armed career criminal in light of *Johnson* and *McLeod*.[4]

While *Johnson*'s retroactivity and applicability to this petition are not entirely clear, there is no need for the Court to resolve these questions today, as this petition is subject to dismissal pursuant to the concurrent sentence doctrine.

### B.      Concurrent sentence doctrine

The concurrent sentence doctrine provides that "where a defendant is serving concurrent sentences and one conviction is shown to be valid, the court may decline to pass upon the validity of the other conviction." *United States v. Hill*, 859 F.2d 325, 326 (4th Cir. 1988). This doctrine "requires a showing that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand." *Id.* It merely requires that the court be able to "foresee with reasonable certainty that no adverse collateral consequences will redound to the defendant." *United States v. Webster*, 639 F.2d 174, 182–83 (4th Cir. 1981).

The doctrine does not apply where the challenged conviction is invalid, as the defendant would still suffer the consequences that can arise from the conviction and would have to pay a special assessment for the invalid conviction. *See Ray v. United States*, 481 U.S. 736, 737 (1987) (per curiam) (refusing to apply the doctrine because the defendant would still have to pay an

---

[4] Again, as noted above, this is through no fault of the Government, as their briefing in this case was completed prior to *McLeod*.

assessment for the invalid conviction); *Graham v. United States*, 944 F. Supp. 2d 451, 453 (E.D.N.C. 2013) (refusing to apply the doctrine based on possible future consequences of having the invalid conviction on his record). However, the doctrine does apply where, even if the defendant prevailed, the conviction itself would remain valid and only the sentence on that conviction would change. *See United States v. Olunloyo*, 10 F.3d 578, 581 (8th Cir. 1993) (applying the doctrine where "a ruling in [the defendant's] favor would not reduce the time he is required to serve nor does imposition of this sentence prejudice him in any way").

Here, as noted above, Petitioner was sentenced to 300 months each on the felon in possession and 924(c) counts, along with 120 months on the stolen firearm count, all to run concurrently. He has not challenged his conviction or sentence on the 924(c) or stolen firearm counts. Thus, even if he prevailed on his ACCA argument, that would only apply to limit his potential sentence on the felon in possession conviction to 120 months based on the statutory maximum. As it would not invalidate his conviction on that count, he could still suffer the possible future consequences of the conviction and would still be required to pay the special assessment for that count. Additionally, he would still be serving a total sentence of 300 months based on the 924(c) conviction and sentence, which he has not challenged. Thus, the Court "can foresee with reasonable certainty that no adverse collateral consequences will redound to [him]," and the doctrine is therefore applicable. *Webster*, 639 F.2d at 182–83. Accordingly, he is not entitled to § 2255 relief.

## V.     Conclusion

For the reasons stated, the Government's motion to dismiss, ECF No. 72 is **GRANTED**, Petitioner's cross-motion for summary judgment, ECF No. 78, is **DENIED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 62, is **DENIED**. This action is hereby

**DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 29, 2016
Columbia, South Carolina