IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>George William Whitmire | Criminal No. 4:04-cr-00483-TLW<br><br>**Order** |

This matter is before the Court on Defendant George Whitmire's *pro se* motion for compassionate release, ECF No. 100. For the reasons set forth below, Defendant's motion is denied.

## I.  BACKGROUND

On October 29, 2004, Defendant plead guilty to three firearm charges: 1) felon in possession of a firearm, 2) possession of a firearm in relation to a drug trafficking crime, and 3) possession of a stolen firearm. ECF Nos. 44, 45. He was sentenced to 300 months' imprisonment. ECF No. 51.

On July 24, 2020, Defendant filed a *pro se* motion for compassionate release. ECF No. 100. The Court directed the Government to respond to the motion, ECF No. 101, and the Government responded in opposition, ECF No. 103. Defendant subsequently filed additional attachments to his motion, ECF No. 104, and then replied to the Government's response on September 15, 2020, ECF No. 105. This matter is ripe for disposition.

1

## II.  APPLICABLE LAW

### A.  *Pro Se* Complaints

*Pro se* complaints and petitions should be construed liberally by the Court and are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Courts classify *pro se* pleadings from prisoners according to their contents, without regard to their captions. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). A federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.  Compassionate Release

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A)(i) provides an exception to this general rule where a defendant qualifies for a modification due to "extraordinary and compelling reasons," often referred to as "compassionate release."

Prior to the passage of the First Step Act of 2018, Pub. L. No. 115- 391, 132 Stat. 5194 (2018), the Bureau of Prisons (BOP) had exclusive dominion over filing a motion for compassionate release pursuant to § 3582(c)(1)(A)(i). *United States v. Dowdell*, 669 F. App'x 662 (4th Cir. 2016). Section 603 of the First Step Act amended § 3582(c)(1)(A) to allow a defendant to request compassionate release from the

2

sentencing court after exhausting his administrative remedies. Therefore, a defendant may now file a motion directly to the district court requesting a reduction in the term of imprisonment, but only after the defendant has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

The compassionate release statute, as amended by the First Step Act, now provides in pertinent part:

> (c) Modification of an imposed term of imprisonment. —The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) **the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds tha**t—
>
> (i) **extraordinary and compelling reasons warrant such a reduction;**
> . . .
> **and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(1)(A) (emphasis added). This statutory provision requires a finding that "extraordinary and compelling reasons" warrant a sentence reduction. If

3

that finding is made, the applicable § 3553(a) factors must be considered. "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Griggs*, No. 4:18-CR-00216-DCC, 2020 WL 2614867, at *3 (D.S.C. May 22, 2020).

The statute also states that a court is required to consider whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Guidelines do not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and the Fourth Circuit has stated that § 1B1.13 "remains helpful guidance even when motions are filed by defendants." *United States v. McCoy*, 981 F.3d 271, 282 n. 7 (4th Cir. 2020). Notably, this policy statement provides that the Court, before reducing a term of imprisonment, should determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Additionally, the commentary to § 1B1.13 provides four categories of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." *Id.* at cmt. n. 1(A)–(D). Under each category, the commentary provides further instruction as to what constitutes "extraordinary and compelling reasons."

The Fourth Circuit issued a recent opinion providing guidance on the arguments district courts can consider in determining if "extraordinary and

4

compelling" reasons exist. *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In that case, the Fourth Circuit stated that "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2020)). The *McCoy* decision provides broad discretion to district courts. Thus, courts may, on motions by defendants, consider whether a sentence reduction is warranted for extraordinary and compelling reasons other than those specifically identified in the application notes to the old policy statement. Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

### III. DISCUSSION

Defendant's motion seeks a sentence reduction due to (i) asserted health conditions, (ii) the spread of COVID-19 at FCI Butner where he is imprisoned, and (iii) the amendment to 18 U.S.C. § 924(c)(1)(C) that eliminates the "stacking" of consecutive imprisonment terms for multiple 924(c) offenses in the same case. Defendant states that he has exhausted his administrative remedies, ECF No. 100 at 1-2, and attaches documentation showing he submitted a request for compassionate release to the Warden of his facility on June 18, 2020, ECF No. 100-1 at 1. In its response, the Government acknowledges the exhaustion documentation and states "for the purposes of this response, the Government will assume that Whitmire has

satisfied the exhaustion requirement." ECF No. 103 at 9. The Court accepts that position and will decide the motion on the merits.

Defendant argues that a sentence reduction is warranted because he "suffers from several serious chronic health conditions, which present extraordinary and compelling circumstances in light of COVID-19." ECF No. 100 at 1. More specifically, Defendant states that he suffers from "high blood pressure, [a] heart condition, COPD, depression, morbid obesity, sleep apnea and an enlarged prostate" and asserts that those conditions place him at high risk of significant complications from COVID-19. *Id.* Defendant provides medical documents in connection with those health issues. ECF No. 104. Defendant further states that FCI Butner "is the site of one of the worst outbreaks of COVID-19 in any federal prison." ECF No. 100 at 1. Defendant also relies on the amendment to 18 U.S.C. § 924(c)(1)(C) in claiming that "extraordinary and compelling" reasons exist. *Id.* at 4.

Defendant then argues that 3553(a) factors weigh in favor of release. *Id.* at 8. He states that he has served the equivalent of a 245-month sentence when considering good time credit, and that he has rehabilitated himself during his period of incarceration which is reflected by his lack of disciplinary record. *Id.* And while Defendant acknowledges that his instant offense involved violence, he asserts that "no one was hurt" as a result of his conduct. *Id.* Defendant also argues that he is not a threat or danger to the community. *Id.* He states that his institutional record demonstrates his ability and desire to conform his behavior to the law; he has taken 41 adult classes, has earned his GED, and has not had any disciplinary violations. *Id.*

6

at 9. In Defendant's reply, he elaborates on this argument stating that after serving a substantial portion of his sentence, he is no more a danger to the community today than he will be after serving his full sentence. ECF No. 105 at 12-13.

The Government opposes Defendant's motion. The Government first argues that Defendant has not established an "extraordinary and compelling" reason for a sentence reduction. ECF No. 103 at 9. The Government argues that while Defendant states he suffers from certain medical conditions, he has failed to establish that his conditions "substantially diminish his ability to provide self-care against serious injury or death as a result of COVID-19." *Id.* at 12. Therefore, the Government argues that the defendant has failed to establish an "extraordinary and compelling" reason warranting a sentence reduction under § 3582(c). The Government further contends that Defendant's motion should also be denied because he is a danger to the public and the § 3553(a) factors weigh against release. *Id.* at 12. The Government notes the seriousness of the instant offense, and Defendant's extensive criminal history that includes numerous convictions for serious conduct. *Id.* at 13.

As to the "extraordinary and compelling" reason standard, the Court has considered all of the circumstances and arguments raised by the Defendant. The Court has also reviewed the medical records submitted by Defendant, and notes that his current diagnoses include sleep apnea, COPD, hypertension, and chronic sinusitis. ECF No. 105-1 at 3. The Court also notes that the medical records reflect that Defendant has been prescribed medications for those conditions, has had multiple consultations with BOP health services, and has been using a CPAP

7

machine for several years. *Id.* at 6-12. In light of the treatment and medication detailed in the records, the Court finds that Defendant's conditions are being monitored and controlled. The Defendant has not shown that he suffers from a serious medical problem in light of the medication and treatment provided by health services. The medical records submitted lack detail as to the severity of Defendant's conditions. It is therefore reasonable to conclude that his conditions do not rise to the level of "extraordinary and compelling". However, noting his asserted conditions and the supporting medical records submitted, and in light of COVID-19, the Court will assume Defendant meets the "extraordinary and compelling" standard, and will proceed to its analysis of the § 3553(a) factors to determine if a reduction in sentence is appropriate in this case.[1]

The Court concludes that Defendant's motion should be denied based on an analysis of the § 3553(a) factors. Specifically, the Court notes §§ 3553(a)(1) and (a)(2)(C), "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant." Defendant's underlying federal conviction and criminal history involve serious, violent conduct. The Court notes that the instant offense

---

[1] The Court notes that Defendant relies on an amendment to 18 U.S.C. § 924(c)(1)(C) in arguing that extraordinary and compelling reasons exist. ECF No. 100 at 4. In light of the Fourth Circuit's recent decision in *McCoy*, the Court has considered this argument but determines that the amendment has no impact on Defendant's case or sentence because Defendant was only convicted of a single § 924(c) offense. Hence, there was no stacking of § 924(c) convictions in his case. This determination does not impact the outcome of the Court's decision because the Court assumes Defendant's health conditions satisfy the "extraordinary and compelling" standard, but ultimately denies Defendant's motion based on an analysis of the § 3553(a) factors.

8

(felon in possession of a firearm, possession of a firearm during a drug trafficking crime, and a stolen firearm) is a serious offense in which Defendant and a codefendant burglarized a residence and stole three rifles and a shotgun. PSR ¶¶ 8-15. They subsequently sold two of the rifles for $500 worth of crack. *Id.* at ¶¶ 10, 12. The Defendant also admitted that in an attempt to avoid arrest for the instant offense, he broke into another house and stole keys to a four-wheeler, which he used to flee the area. *Id.* at ¶ 11. Further, Defendant committed the instant offense while on probation, and less than two years after his release from custody on an arson offense. *Id.* at ¶¶ 60-61. The Court notes the Defendant's rehabilitation effort and his lack of disciplinary violations while incarcerated. However, the Court finds that the nature and circumstances of the offense, and the Defendant's criminal history weigh against release.

In addition to Defendant's federal conviction, he has a lengthy criminal history that began when he was only 13 years old. *Id.* at ¶¶ 45-47. His adult convictions are numerous and serious, including six convictions for housebreaking, four convictions for burglary, three convictions for larceny, two convictions for escape, and convictions for arson and possession of stolen goods. *Id.* at ¶¶ 48-54, 56, 57. Notably, this criminal history resulted in 17 criminal history points, which placed Defendant in a criminal history category of VI. *Id.* at ¶ 62. He was also classified as an armed career criminal. *Id.* at ¶ 63. Defendant's prior conduct, and the facts surrounding the instant offense demonstrate Defendant's significant failure to abide by the law.

9

The Court also notes §§ 3553(a)(2)(A)-(B). According to BOP records, Defendant's release date is set for April 4, 2025, which is in approximately four and a half years. The Court acknowledges that Defendant has served a substantial portion of his sentence. However, based on the seriousness of the instant offense and Defendant's criminal history, the Court concludes that a reduction in sentence is not appropriate because the imposed sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. For those reasons, the Court concludes that the § 3553(a) factors weigh against a reduction in sentence.

Further, the Defendant's significant criminal record, which spans over two decades, leads the Court to conclude that Defendant would pose a danger to the pubic if released. The federal convictions are all serious firearm convictions. "The Offense Conduct" section of the Presentence Report outlines the facts of the instant offense including burglary, stealing guns, exchanging stolen firearms for crack cocaine, and evading arrest. *Id.* at ¶¶ 7-15. The Defendant's prior record reflects serious convictions that posed a danger to the public including numerous housebreakings and burglaries over many years. The Defendant was also convicted of arson for "burning a house and a duplex." *Id.* at ¶ 56. The instant offense and prior convictions weigh heavily against release, as this Court cannot conclude that Defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13.

The Court acknowledges the legitimate concerns based on the ongoing COVID-19 pandemic and the impact on those incarcerated. The Court also acknowledges the

10

steps taken by the BOP to slow the spread of COVID-19 in federal institutions as outlined in the Government's brief. *See* ECF No. 103 at 2-5 (noting that, amongst other steps, inmates and staff have been issued face masks, volunteer visits have been suspended, and only limited group gathering is afforded with special attention to social distancing to the extent possible).

Where a defendant has exhausted the administrative remedies and files a motion directly to the Court, the Court will analyze each defendant on a case-by-case basis to determine when a potential reduction is appropriate. In this case, based on the Court's analysis and balancing of the § 3553(a) factors, a reduction in sentence to release Defendant is not appropriate.

## IV. CONCLUSION

After careful review of the filings and relevant caselaw, and for the reasons set forth above, Defendant's motion for compassionate release, ECF No. 100, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

January 19, 2021
Columbia, South Carolina

11