IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| George William Whitmire,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:04-cr-00483-TLW-1<br>C/A No. 4:15-cv-03406-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner George William Whitmire. For the reasons stated below, the petition is granted in part and denied in part.

## I.   Factual and Procedural History

Whitmire was charged with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) (Count 1), possession of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c) (Count 3), and stealing a firearm under 18 U.S.C. § 924(l) (Count 4). He pled guilty to all three counts.

As to the felon in possession count, Whitmire was classified as an armed career criminal under the Armed Career Criminal Act (ACCA) based on the state of the law at that time. The ACCA requires a mandatory minimum sentence of 15 years imprisonment followed by 5 years of supervised release for a felon who possesses a firearm and who has three or more prior convictions for committing certain drug

1

crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1). If he had not been classified as an armed career criminal, he would have faced a statutory maximum of 10 years imprisonment followed by 3 years of supervised release on that count. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

The Presentence Investigation Report (PSR) did not explicitly state which of Whitmire's many prior convictions were classified as ACCA predicates, but it appears that the following South Carolina convictions were counted:

1. Housebreaking (PSR ¶ 48 – Docket No. 84-480);
2. Housebreaking (PSR ¶ 48 – Docket No. 84-482);
3. Housebreaking (PSR ¶ 48 – Docket No. 84-483);
4. Housebreaking (PSR ¶ 48 – Docket No. 84-484);
5. Housebreaking (PSR ¶ 48 – Docket No. 84-485);
6. Housebreaking (PSR ¶ 49);
7. Burglary 3rd (PSR ¶ 50);
8. Escape (PSR ¶ 51);
9. Burglary 2nd (PSR ¶ 52 – Docket No. 89-206);
10. Burglary 2nd (PSR ¶ 52 – Docket No. 89-207);
11. Burglary 2nd (PSR ¶ 53);
12. Escape (PSR ¶ 54);
13. Arson 3rd (PSR ¶ 56).

Whitmire also was classified as a career offender under § 4B1.1 of the Sentencing Guidelines.[1] As a result of his career offender designation, his overall

---

[1] As with the ACCA predicates, the PSR did not explicitly state which convictions were counted as career offender predicates. Because some of the ACCA predicates did

advisory Guidelines range was 262 to 327 months pursuant to § 4B1.1(c)(3).[2] PSR ¶¶ 42–44, 87.

The Court sentenced Whitmire to a total imprisonment term of 300 months—within the applicable Guidelines range. Specifically, he was sentenced to 300 months on the felon in possession and § 924(c) counts, and 120 months on the stolen firearm count, all to run concurrently. The Court also imposed a total supervised release term of 5 years, consisting of 5 years on the felon in possession and § 924(c) counts, and 3 years on the stolen firearm count, all to run concurrently. ECF No. 51. He did not file a direct appeal.

After the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Whitmire filed a § 2255 petition, asserting that he was wrongfully sentenced as an armed career criminal on the felon in possession count. ECF No. 62. The Government filed a motion to dismiss based in part on the concurrent sentence doctrine. ECF No. 72. The Court concluded that the concurrent sentence doctrine applied and dismissed his petition. ECF No. 79.

Whitmire appealed and the Fourth Circuit reversed in a brief, *per curiam* opinion, concluding that this Court "misapplied the concurrent sentence doctrine because it is not reasonably certain from the record that adverse collateral consequences will not flow from Whitmire's designation as an armed career criminal."

---

not result in criminal history points, not all of them would have counted as career offender predicates.

[2] Whitmire was sentenced two months after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

3

*United States v. Whitmire*, 669 F. App'x 98, 98 (4th Cir. 2016).[3]

After the Fourth Circuit issued its mandate, the Court granted the Government's motion to stay further consideration of Whitmire's petition pending other Fourth Circuit decisions. Those decisions have since issued and this matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was

---

[3] After the Fourth Circuit issued its unpublished opinion in *Whitmire*, the Fourth Circuit thoroughly analyzed the applicability of the concurrent sentence doctrine in a virtually identical case and issued a published opinion—*United States v. Charles*, 932 F.3d 153 (4th Cir. 2019). Like in *Whitmire*, the petitioner in *Charles* brought a *Johnson* challenge to an ACCA-enhanced sentence that the district judge dismissed pursuant to the concurrent sentence doctrine. But unlike in *Whitmire*, the *Charles* panel affirmed that district court's application of the doctrine. *See id.* at 161–62.

This Court later relied on *Charles* to apply the concurrent sentence doctrine and dismiss another *Johnson* challenge to an ACCA-enhanced sentence. *See Carson v. United States*, No. 4:02-cr-00813-TLW-1, 2019 WL 4274454, at *5 (D.S.C. Sept. 10, 2019). The petitioner in *Carson* appealed, but the Fourth Circuit denied a certificate of appealability and dismissed the appeal. 823 F. App'x 230, 230 (4th Cir. 2020).

Although *Charles* and *Carson* have now clarified the state of the law regarding the concurrent sentence doctrine, in light of the Fourth Circuit's opinion in Whitmire's own case, the Court concludes that it would be improper to reapply the doctrine here. *See Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948) ("[T]his Court consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court."). Thus, in accordance with the Fourth Circuit's ruling in his case, the Court will decide his petition without application of the doctrine.

4

imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Whitmire's filings, and finds that no hearing is necessary.

## III.   Discussion

### A.   ACCA designation

The ACCA provides that a defendant convicted of being a felon in possession of a firearm who has at least three prior convictions for "a violent felony or a serious drug offense" faces a mandatory minimum sentence of 15 years imprisonment followed by 5 years of supervised release. 18 U.S.C. § 924(e)(1). "Violent felony" is defined as follows:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> > (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

5

>       (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

18 U.S.C. § 924(e)(2)(B). There are three relevant parts to this definition:

(1)   the force clause, which is § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another");[4]

(2)   the enumerated clause, which is the first part of § 924(e)(2)(B)(ii) ("is burglary, arson, [] extortion, [or] involves use of explosives");

(3)   the residual clause, which is the last part of § 924(e)(2)(B)(ii) ("otherwise involves conduct that presents a serious potential risk of physical injury to another").

If Whitmire were before the Court today for his initial sentencing, he would not be classified as an armed career criminal under the current state of the law because, at most, only his arson conviction would count as an ACCA predicate.[5] *See Mathis v. United States*, 136 S. Ct. 2243, 2250–51 (2016) (concluding that Iowa burglary is categorically overbroad); *Johnson*, 576 U.S. at 606 (concluding that the residual clause is unconstitutionally vague); *United States v. Lloyd*, 733 F. App'x 132, 133 (4th Cir. 2018) (concluding that South Carolina second degree burglary is categorically overbroad); *United States v. Hall*, 684 F. App'x 333, 335–36 (4th Cir. 2017) (applying *Mathis* to conclude that South Carolina third degree burglary is categorically overbroad); *United States v. Gillespie*, 406 F. App'x 749, 752 (4th Cir. 2010) (concluding that South Carolina third degree arson is categorically a crime of

---

[4] This clause is also sometimes referred to as the elements clause.

[5] The Government does not dispute that his housebreaking convictions no longer count as ACCA predicates post-*Johnson*.

violence under the Guidelines). The Supreme Court has also explicitly held that *Johnson* is a new substantive rule that applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

As noted above, if Whitmire were not classified as an armed career criminal, then his statutory maximum sentence on the felon in possession count would be 10 years imprisonment, followed by 3 years of supervised release. Thus, the Court concludes that, in light of current law, he is serving a sentence on the felon in possession count in excess of the statutory maximum and is entitled to be resentenced on that count.

### B.    Career offender designation

Although Whitmire must be resentenced on the felon in possession count, that does not mean that a full resentencing on all counts is warranted. As discussed above, the 300-month sentence on the § 924(c) count was driven by his career offender designation under the advisory Guidelines, not his armed career criminal designation under the ACCA. The Fourth Circuit has held that a claim for relief based on an erroneous Guidelines calculation is not cognizable under § 2255, even one as significant as a career offender designation. *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015); *see also Beckles v. United States*, 137 S. Ct. 886, 895 (2017) (holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness"). Thus, resentencing on the § 924(c) count is not warranted. *See United States v. Lee*, 811 F. App'x 194, 195–96 (4th Cir. 2020) (concluding that this Court

7

did not abuse its discretion in ruling that a defendant whose ACCA-enhanced felon in possession sentence was reduced to 10 years after a successful *Johnson* challenge was not entitled to be resentenced on a career offender-enhanced § 924(c) sentence). After review of the record, the Court concludes that a sentence within the career offender Guidelines range is appropriate.

## IV. Conclusion

For the reasons set forth above, Whitmire will be resentenced on the felon in possession count to the non-ACCA statutory maximum of 10 years imprisonment and 3 years of supervised release. However, his sentence on the § 924(c) count will remain in place. Thus, his petition for relief pursuant to § 2255, ECF No. 62, is **GRANTED IN PART AND DENIED IN PART**. His sentence on Count 1 is hereby **VACATED**. An amended judgment will follow.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Whitmire satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. He may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**[6]

                                                    *s/ Terry L. Wooten*
                                                    Terry L. Wooten
                                                    Senior United States District Judge

January 19, 2021
Columbia, South Carolina

---

[6] In light of this ruling, the Court terminates as **MOOT** the remaining outstanding motions in this case, ECF Nos. 98, 99.